# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JOEL VELASQUEZ and DEREK LAMB,** | § | |
| **on Behalf of Themselves and on Behalf of** | § | |
| **All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO.: 4:20-cv-00535** |
| | § | |
| **S.COM, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

1.      Defendant S.COM, Inc. ("Defendant") required Plaintiffs Joel Velasquez and Derek Lamb ("Plaintiffs") to work more than forty hours in a workweek without overtime compensation and in doing so, violated the Fair Labor Standards Act ("FLSA").  First, Defendant misclassified Plaintiffs and all other similarly situated workers as independent contractors instead of as employees.  By misclassifying them as independent contractors, Defendant illegally denied Plaintiffs and the proposed Class Members compensation at time and one half their regular rates of pay for all hours worked over 40 in a workweek.

2.      After July 2018, Defendant reclassified the Plaintiffs and Class Members as employees, as opposed to independent contractors.  Nevertheless, Defendant still refused to pay the Plaintiffs and Class Members any overtime wages.  Instead, Defendant paid the Plaintiffs and Class Members on a day rate basis without overtime pay.  Defendant tried to artificially divide the Plaintiffs' and Class Members' day rate compensation into the appearance of an hourly rate with overtime wages.  However, Defendant's pay scheme was illegal. *See* 29 C.F.R. § 778.310.

3.     Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a).  On behalf of themselves and all other similarly situated employees, Plaintiffs brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b).  Members of the collective action are referred to as the "FLSA Class Members."

4.     Plaintiff Lamb performed work for Defendant in New Mexico.  Just as Defendant's misclassification of Plaintiffs violates the FLSA, so too does that misclassification independently violate the state laws of New Mexico.  As such, Plaintiff Lamb brings claims under the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22 et seq. Members of the New Mexico class are hereinafter referred to as the "New Mexico Class Members."  The FLSA Class Members and the New Mexico Class Members shall be jointly referred to as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.     This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.  Namely, the failure of Defendant to pay overtime due to a common pay practice of misclassifying its workforce as independent contractors and the failure to pay overtime wages.

7.     Venue is proper in this District because Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District.  Indeed,

Plaintiffs worked in this District, worked overtime hours in this District, and were denied overtime wages in this District.

## PARTIES AND PERSONAL JURISDICTION

8.    Plaintiff Joel Velasquez is an individual residing in Dallas, Texas.  Said Plaintiff's written consent to this action is attached hereto as Exhibit "A."

9.    Plaintiff Derek Lamb is an individual residing in Dallas, Texas.  Said Plaintiff's written consent to this action is attached hereto as Exhibit "B."

10.    The FLSA Class Members are all current and former field engineers and field technicians who worked for Defendant at any time during the three-year period before the filing of this Complaint.

11.    The New Mexico Class Members are all current and former field engineers and field technicians who worked for Defendant in New Mexico at any time during the three-year period before the filing of this Complaint.

12.    Defendant S.COM, Inc. is a foreign corporation organized under the laws of Delaware.  Said Defendant can be served with process by serving its registered agent, the Corporate Creations Network Inc., at 11380 Prosperity Farms Road #221E, Palm Beach Gardens, Florida 33410.

## COVERAGE

13.    At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

14.    At all material times, Defendant has been an employer within the meaning of N.M. STAT. ANN. § 50-4-21(B).

15.     At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

16.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

18.     At all material times, Plaintiffs and the FLSA Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

19.     At all material times, Plaintiff Lamb and the New Mexico Class Members were employees of Defendant with the meaning of N.M. STAT. ANN. § 50-4-21(C).

## FACTS

20.     Defendant is a company that provides staffing services to the IT and telecommunications industries.  In particular, Defendant's website states: "From field technician, to project manager, we can find you a more meaningful career. We have a deep understanding of the roles listed at every level. From the bottom to the top, at s.com we are here to pass on our knowledge so that you can find a career that energizes you to wake up each and every morning." (*See* https://www.scom-usa.com/find-a-job/telecom, last visited February 14, 2020).

21.     Plaintiffs were employed by Defendant as field technicians.

22.     Defendant employs field technicians across the country including in California, Louisiana, New York, New Mexico, Ohio, Pennsylvania, and Texas.

23.     As field technicians, the Plaintiffs traveled to various cellular sites and replaced and installed equipment in cellular towers.

24.     To do this work, field technicians and field engineers used basic tools such as cable cutters, screwdrivers, ladders, pliers, wrenches, colored tape, cameras, and zip ties.

25.     Field technicians/field engineers were also required to wear safety equipment.  This equipment included a hard hat, safety shoes, safety glasses, and a first aid kit.

26.     Field technicians/field engineers worked outdoors and performed manual labor tasks as part of their regular duties.

27.     Plaintiff Velasquez worked for Defendant as a field technician from approximately October 2017 to November 2018.  Plaintiff Velasquez worked for Defendant in Texas.

28.     Plaintiff Lamb worked for Defendant as a field technician from approximately January 2018 to October 2018.  Plaintiff Lamb worked for Defendant in Texas, Louisiana, Ohio, and New Mexico.

29.     Prior to July 2018, Defendant classified the Plaintiffs as independent contractors.

30.     As independent contractors, Defendant paid the Plaintiffs on a piece rate basis. That is, the Plaintiffs were paid a pre-set amount depending upon the type of installation work they performed at the cellular sites.

31.     The Plaintiffs also regularly worked more than 40 hours per week.

32.     When they were classified as independent contractors, the Plaintiffs were not paid any overtime wages despite working more than 40 hours in a week.

33.     Like the Plaintiffs, the Class Members were also classified as independent contractors prior to July 2018.

34.     Like the Plaintiffs, the Class Members were paid on a piece rate basis prior to July 2018.

35.     Like the Plaintiffs, the Class Members regularly worked more than 40 hours per week.

36.     Like the Plaintiffs, the Class Members were not paid any overtime wages when they worked more than 40 hours per week.

37.     The Class Members performed similar duties as the Plaintiffs.

38.     The Class Members worked across the US, including in California, Louisiana, New York, New Mexico, Ohio, Pennsylvania, and Texas.

39.     The Plaintiffs and Class Members were not independent contractors but were employees.

40.     Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiffs and the Class Members.

41.     In addition, Defendant instructed the Plaintiffs and the Class Members about when, where, and how they were to perform their work.

42.     Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to the Plaintiffs and the Class Members:

     a.   Defendant paid Plaintiffs and the Class Members a pre-set amount per installation;

     b.   The rate paid by Defendant was set by Defendant and was not negotiated by the Plaintiffs or Class Members;

     c.   Defendant required Plaintiffs and the Class Members to report to their assigned job site at a set time;

d.  Defendant required Plaintiffs and the Class Members to request time off in advance and have that time away from work pre-approved;

e.  Defendant set forth the required procedures to be followed and the order and manner in which Plaintiffs and the Class Members were to perform their work;

f.  Plaintiffs and the Class Members faced termination if they failed to perform their work in the manner required by Defendant;

g.  Defendant assigned Plaintiffs and the Class Members a substantial number of hours of work per week;

h.  Plaintiffs' and the Class Members' services were integrated into Defendant's operations;

i.  Plaintiffs and the Class Members constituted the workforce without which Defendant could not perform its services;

j.  Plaintiffs and the Class Members worked for Defendant for long periods of time as is common with employees; and

k.  Defendant maintained the right to discharge Plaintiffs and the Class Members at any time.

43.  Furthermore, the degree of investment Plaintiffs and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred.  Defendant invested in significant resources, including owning office space, laptops, paying for employees, a website, marketing costs and other significant costs.  The Plaintiffs and Class Members did not incur any such costs.

44.  Further, the Plaintiffs and the Class Members performed work that was integral to the operations of Defendant.  Indeed, Defendant hires and staffs workers in the IT and

telecommunications industries.  The Plaintiffs and Class Members were the workers who were hired by Defendant and performed services for Defendant.

45.     Moreover, Defendant supervised and controlled the activities of the Plaintiffs and the Class Members.  Defendant monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendant.

46.     Despite these facts, Defendant improperly classified Plaintiffs and the Class Members as independent contractors and not as employees.

47.     In fact, Defendant realized that the Plaintiffs and Class Members were employees in July 2018 and reclassified them as employees instead of as independent contractors.

48.     However, after July 2018, Defendant still failed to pay the Plaintiffs and Class Members overtime wages.

49.     After July 2018, Defendant paid the Plaintiffs and Class Members on a day rate basis.

50.     That is, the Plaintiffs and Class Members were paid a set amount per day and were paid based upon the number of days worked.  They were not paid a guaranteed weekly salary or paid a minimum, guaranteed amount per week.

51.     The Plaintiffs and Class Members also were not paid any overtime wages when they worked more than 40 hours in a week after July 2018.

52.     However, Defendant artificially divided the Plaintiffs' and Class Members' flat payment per day into an hourly rate and an overtime rate to create the appearance that overtime wages were paid.

53.     Defendant's pay scheme is illegal on its face.  Specifically, 29 C.F.R. § 778.310 addresses this precise pay scheme and states that it is illegal.  Section 778.30 states as follows:

A premium in the form of a lump sum which is paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis…If the rule were otherwise, an employer desiring to pay an employee a fixed salary regardless of the number of hours worked in excess of the applicable maximum hours standard could merely label as overtime pay a fixed portion of such salary sufficient to take care of compensation for the maximum number of hours that would be worked. The **Congressional purpose to effectuate a maximum hours standard by placing a penalty upon the performance of excessive overtime work would thus be defeated. For this reason, where extra compensation is paid in the form of a lump sum for work performed in overtime hours, it must be included in the regular rate and may not be credited against statutory overtime compensation due.**

29 C.F.R. § 778.310 (emphasis added).

54.     When paid a flat sum per day, no portion of a worker's pay can constitute overtime pay.

55.     Although Plaintiffs and the Class Members have been required to work more than forty (40) hours per week, and did so frequently, they were not compensated at the FLSA and New Mexico mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

56.     No exemption applies to Plaintiffs or the Class Members.

57.     The work performed by Plaintiffs and the Class Members did not require any particular computer skills.  Employees who had not ever done the work of a field technician/field engineer could learn the job in a short period of time through on the job training.

58.     Plaintiffs' and the Class Members' primary duty did not include the exercise of discretion or independent judgment with respect to matters of significance. Instead, field technicians/field engineers followed thorough operating procedures and were not allowed to deviate from those procedures.

59.     Plaintiffs' and the Class Members' primary duty did not require a prolonged course of intellectualized study. Training was on the job for a minimal period of time.

60.     Plaintiffs and the Class Members did not regularly supervise two or more employees or have hiring/firing authority.

61.     Plaintiffs' and the Class Members' primary duty did not involve computer programming, computer systems analysis, network design, hardware design, or software design.

62.     Again, no exemption under the FLSA or New Mexico law shelters Defendant from paying overtime to Plaintiffs or the Class Members.

63.     Defendant knew of the requirement to pay overtime and in fact, pays overtime to other employees. However, Defendant made the conscious choice to not pay overtime to the Plaintiffs and Class Members.

64.     Thus, Defendant's method of paying Plaintiffs and the Class Members in violation of the FLSA and New Mexico law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.

## <u>COUNT ONE: VIOLATION OF 29 U.S.C. § 207</u>

65.     Plaintiffs incorporates all allegations contained in the foregoing paragraphs.

66.     Defendant's practice of failing to pay Plaintiffs and the FLSA Class Members time-and-one-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

67.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiffs/Class Members.

## COLLECTIVE ACTION ALLEGATIONS

68.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

69.     Plaintiffs have actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its workforce.

70.     Plaintiffs' knowledge is based on their personal work experience and through communications with other field technicians/field engineers working for Defendant.

71.     Other workers similarly situated to the Plaintiffs worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

72.     Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

73.     Defendant has continued to fail to pay the FLSA Class Members overtime to this day.

74.     The FLSA Class Members perform or have performed the same or similar work as Plaintiffs and were misclassified as independent contractors by Defendant and/or were paid a day rate without overtime pay by Defendant.

75.     The FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

76.     As such, the FLSA Class Members are similar to Plaintiffs in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

11

77. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

78. The experiences of Plaintiffs, with respect to their pay, hours, and duties are typical of the experiences of FLSA Class Members.

79. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

80. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

81. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

82. As such, the class of similarly situated workers is properly defined as follows:

> All current and former field engineers and field technicians who worked for Defendant at any time during the three-year period before the filing of this Complaint.

## COUNT TWO:  VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT— OVERTIME  (CLASS ACTION)

83. Plaintiff Lamb incorporates by reference the allegations in the preceding paragraphs.

84. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA.  At all relevant times, Defendant has employed and continues to employ, "employees," including the New Mexico Class Members and Plaintiff Lamb, within the meaning the NMMWA.

85.     The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours.  N.M. STAT. ANN. § 50-4-22(D).

86.     As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

87.     Plaintiff Lamb brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff Lamb and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

## <u>RULE 23 CLASS ACTION ALLEGATIONS</u>

88.     Plaintiff Lamb incorporates by reference the allegations in the preceding paragraphs.

89.     Plaintiff Lamb brings his overtime claims arising under the NMMWA as a Rule 23 class action on behalf of the following class:

> All current and former field engineers and field technicians who worked for Defendant in New Mexico at any time during the three-year period before the filing of this Complaint.

90.     Although Plaintiff Lamb does not know the precise number of members of the proposed class, Plaintiff believes there are more than 40 individuals that fit into the class.

91.     The members of the class are so numerous that their individual joinder is impractical.

92.     The identity of the members of the class is readily discernible from Defendant's records.

13

93.     Plaintiff Lamb and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

94.     Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a.  Whether Plaintiff Lamb and the New Mexico Class Members worked hours in excess of forty hours per work week;

   b.  Whether Plaintiff Lamb and the New Mexico Class Members were denied overtime pay at a rate not less than one and one half times their regular rate under New Mexico law;

   c.  Whether Defendant misclassified Plaintiff Lamb and New Mexico Class Members as independent contractors under New Mexico law.

95.     These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

96.     Plaintiff Lamb's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with New Mexico law and because Defendant misclassified Plaintiff Lamb as an independent contractor and later, failed to pay overtime on his day rate compensation, just as it did with other New Mexico Class Members.

97.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

98.     The class action under New Mexico state law is superior to other available means for the fair and efficient adjudication of the state law claims of Plaintiff and the New Mexico Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## PRAYER

99.     For these reasons, Plaintiffs pray for:

a.   An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members;

b.   An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

c.   A judgment against Defendant awarding Plaintiffs, the FLSA Class Members, and New Mexico Class Members all their unpaid overtime compensation and liquidated damages;

d.   An order awarding attorneys' fees, costs, and expenses;

e.   Pre- and post-judgment interest at the highest applicable rates; and

f.   Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
    Don J. Foty
    DFoty@hftrialfirm.com
    Texas State Bar No. 24050022
    4409 Montrose Blvd, Ste. 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFFS AND CLASS MEMBERS